**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

OHIO FUNDING GROUP, INC., a
Michigan corporation; AUTO FINANCE
CENTER OF AMERICA, INC., a Michigan
corporation; N.A.F. CORPORATION, INC.,
a Michigan corporation; and DETROIT II
AUTOMOBILES, INC., a Michigan corporation,

    Plaintiffs,

v.                CASE NO.: 3:07cv209/MCR/MD

KEY AUTO LIQUIDATION CENTER, INC.,
a Florida corporation, ALAN SISKIND,
an individual, and ANTHONY "TED" CIANO,
an individual,

    Defendants.
_____

KEY AUTO LIQUIDATION CENTER, INC.,
a Florida corporation,

    Third-Party Plaintiff,

v.

CREDIT ACCEPTANCE CORPORATION, a
Michigan corporation, MARK HORVATH,
an individual, and DONALD FOSS, an
individual,

    Third-Party Defendants.
_____

ALAN SISKIND, an individual,

    Third-Party Plaintiff,

v.

MARK HORVATH, an individual,

    Third-Party Defendant.
_____/

## ORDER ON MOTION TO WITHDRAW

Pending before the court is attorney Robert Beasley's Motion to Withdraw as Counsel for Alan Siskind (doc. 93). For the reasons that follow, the motion is granted.

Mr. Siskind originally hired Mr. Beasley's law firm, Litvak, Beasley, & Wilson, LLP, to represent the claims of Key Auto Liquidation Center ("Key Auto") and defend against any action taken by the plaintiffs in this case. Mr. Beasley also represents Mr. Siskind individually in his defense against the plaintiffs' claims and in his third-party claim against Mark Horvath. On May 4, 2007, an involuntary petition for bankruptcy was filed against Key Auto and the petitioning creditors' motion for summary judgment was granted by the bankruptcy court on June 28, 2007, staying all of plaintiffs' claims against Key Auto. Sherry Chancellor was then appointed the Chapter 7 Trustee for Key Auto and applied to the bankruptcy court to hire Mr. Beasley as special counsel to prosecute the adversary proceedings and defend against the claims of Key Auto's creditors.

The bankruptcy court, by order dated December 10, 2007, granted the trustee's second application for employment of special counsel and sustained in part the objection to that application. The bankruptcy court authorized the trustee to retain Mr. Beasley to represent the estate's interests in the adversary proceedings currently pending in the bankrupcty court, as well as in two anticipated adversary proceedings, subject to certain conditions. First, the court ordered Mr. Beasley to file a supplemental affidavit of disclosure disclosing the full scope of his representation of Mr. Siskind in any related matters. Second, Mr. Beasley was ordered to withdraw as Mr. Siskind's counsel in the proceedings before this court. Finally, the trustee and her counsel were ordered to file with the bankruptcy court an express waiver of any conflict of interest executed by Mr. Siskind regarding Mr. Beasley's representation of the estate's interests.

Mr. Siskind signed an affidavit on December 4, 2007, in which he stated that he had been advised of the possibility of a conflict of interest arising out of Mr. Beasley's representation of the trustee and waived any such conflict. Mr. Siskind specifically acknowledged that the trustee could decide to pursue him individually as an officer or shareholder of Key Auto on her own accord and without the assistance of Mr. Beasley as

counsel. Mr. Siskind also acknowledged and waived the potential conflict created by Mr. Beasley's representation of the trustee concerning any claims asserted against Mr. Siskind based on his alleged status as guarantor of one or more of Key Auto's debts. Mr. Siskind further authorized Mr. Beasley to formally withdraw as his counsel in the bankruptcy court and in this court and instructed Mr. Beasley to dismiss any of his pending claims in this court.[1]

Mr. Beasley has now filed the pending motion to withdraw as counsel for Mr. Siskind in this court pursuant to N.D. Fla. Loc. R. 11.1(F). The court finds that Mr. Siskind has been apprised of the potential conflict of interest that may arise out of Mr. Beasley's representation of Key Auto's Chapter 7 Trustee and has waived the conflict of interest. Further, no party has filed an objection to Mr. Beasley's motion.

Accordingly, it is hereby ordered that attorney Robert Beasley's Motion to Withdraw as Counsel for Alan Siskind (doc. 93) is GRANTED. Mr. Siskind shall have thirty (30) days to notify the court that he has retained substitute counsel. If the court does not receive notification within this time, the court will consider Mr. Siskind to be proceeding with his third-party claim and his defense of the plaintiffs' claims pro se.

ORDERED on this 21st day of December 2007.

    s/ *M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

---

[1] No notice or stipulation of dismissal has been filed with the court and thus Mr. Siskind's claim against Mark Horvath remains pending.