**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

OHIO FUNDING GROUP, INC., a
Michigan corporation; AUTO FINANCE
CENTER OF AMERICA, INC., a Michigan
corporation; N.A.F. CORPORATION, INC.,
a Michigan corporation; and DETROIT II
AUTOMOBILES, INC., a Michigan corporation,

    Plaintiffs,

v.              CASE NO.: 3:07cv209/MCR/MD

KEY AUTO LIQUIDATION CENTER, INC.,
a Florida corporation, ALAN SISKIND,
an individual, and ANTHONY "TED" CIANO,
an individual,

    Defendants.
_____

KEY AUTO LIQUIDATION CENTER, INC.,
a Florida corporation,

    Third-Party Plaintiff,

v.

CREDIT ACCEPTANCE CORPORATION, a
Michigan corporation, MARK HORVATH,
an individual, and DONALD FOSS, an
individual,

    Third-Party Defendants.
_____

ALAN SISKIND, an individual,

    Third-Party Plaintiff,

v.

MARK HORVATH, an individual,

    Third-Party Defendant.
_____/

## O R D E R

Pending is the Motion to Dismiss filed by Plaintiffs/Counter-Defendants N.A.F. Corporation, Inc. ("NAF"), Auto Finance Center of America, Inc. ("AFCA"), and Detroit II Automobiles, Inc. ("Detroit II") and Third-Party Defendants Mark Horvath ("Horvath") and Donald Foss ("Foss").  (Doc. 100).  In response, Sherry Chancellor, the trustee of the Bankruptcy Estate of Defendant/Counter-Plaintiff/Third-Party Plaintiff Key Auto Liquidation Center, Inc. ("KALC") states that KALC's claims against NAF, AFCA, Detroit II, Mr. Horvath, and Mr. Foss should be dismissed without prejudice in this court because she has filed or will file claims against these parties in KALC's Bankruptcy proceeding.  (Doc. 102).

While the parties above agree that KALC's claims should be dismissed, the court still needs to know whether Ms. Chancellor intends to pursue KALC's counter-claim against Ohio Funding Group, Inc. and/or its third-party claim against Credit Acceptance Corporation (CAC) in this court and whether Defendant/Third-Party Plaintiff Alan Siskind intends to pursue his third-party claim against Mr. Horvath in this court.

Ms. Chancellor and Mr. Siskind are directed to file their responses to these inquiries within ten (10) days of the entry of this order.  Failure to file a response within the allotted time will result in dismissal of the claims stated in the preceding paragraph.

ORDERED on this 27th day of February 2008.

                         s/ *M. Casey Rodgers*
                       **M. CASEY RODGERS**
                       **UNITED STATES DISTRICT JUDGE**