## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

OHIO FUNDING GROUP, INC., a
Michigan corporation; AUTO FINANCE
CENTER OF AMERICA, INC., a Michigan
corporation; N.A.F. CORPORATION, INC.,
a Michigan corporation; and DETROIT II
AUTOMOBILES, INC., a Michigan corporation,

        Plaintiffs,

v.                              CASE NO.: 3:07cv209/MCR/MD

KEY AUTO LIQUIDATION CENTER, INC.,
a Florida corporation, ALAN SISKIND,
an individual, and ANTHONY "TED" CIANO,
an individual,

        Defendants.[1]

_____/

### O R D E R

      Pending is the Motion to Dismiss filed by Plaintiffs/Counter-Defendants N.A.F. Corporation, Inc. ("NAF"), Auto Finance Center of America, Inc. ("AFCA"), and Detroit II Automobiles, Inc. ("Detroit II") and Third-Party Defendants Mark Horvath ("Horvath") and Donald Foss ("Foss").  (Doc. 100).  Sherry Chancellor ("Chancellor"), the trustee of the Bankruptcy Estate of Defendant/Counter-Plaintiff/Third-Party Plaintiff Key Auto Liquidation Center, Inc. ("KALC"), initially responded to the motion to dismiss by stating that KALC's claims against NAF, AFCA, Detroit II, Horvath, and Foss should be dismissed without prejudice in this court because she had filed or would file claims against these parties in KALC's bankruptcy proceeding.  (Doc. 102).  Understanding that Chancellor would not pursue KALC's claims against NAF, AFCA, Detroit II, Horvath, and Foss in this court, in the interest of judicial economy, the court entered a follow-up order directing Chancellor and

---

[1] Key Auto Liquidation Center has brought counter-claims against all plaintiffs and third-party claims against Credit Acceptance Corporation, Mark Horvath, and Donald Foss.  Alan Siskind has also brought third-party claims against Mark Horvath.

Defendant/Third-Party Plaintiff Alan Siskind ("Siskind") to advise the court if they intended to pursue any claims in this court. (Doc. 103). Specifically the court asked Chancellor whether she intended to pursue KALC's counterclaim against Ohio Funding Group, Inc. ("Ohio Funding") and/or its third-party claim against Credit Acceptance Corporation ("CAC") in this court and whether Siskind intended to pursue his third-party claim against Horvath in this court. Id. The court directed Chancellor and Siskind to file their responses within ten (10) days of the order's entry and stated that failure to file a response within the allotted time would result in dismissal of the stated claims. Id.

Siskind has not responded to the court's order. Chancellor responded to the court's follow-up order by retracting her earlier statement that KALC's claims should be dismissed and requesting instead that the court deny the motion to dismiss because certain issues currently before the bankruptcy court could require litigation in this court. (Doc. 104)

Chancellor's response is non-responsive to the court's order. Moreover, this is the third time in which Chancellor has failed to directly respond to the court's inquiries regarding which of KALC's claims will be litigated in this court. Chancellor has had over nine months in which to identify the claims she wishes to pursue in this court, including over five months with Mr. Beasley serving as special counsel for KALC's bankruptcy estate.

Accordingly, it is hereby ordered:

1) The Motion to Dismiss filed by NAF, AFCA, Detroit II, Horvath, and Foss (doc. 100) is GRANTED. KALC's counterclaims against NAF, AFCA, and Detroit II and its third-party claims against Horvath and Foss are DISMISSED without prejudice.

2) KALC's counterclaim against Ohio Funding and its third-party claim against CAC are DISMISSED without prejudice.

3) Siskind's third-party claim against Horvath is DISMISSED without prejudice.

4) The plaintiffs' Motion to Amend/Correct Complaint (doc. 5) is GRANTED.[2]

---

[2] To the extent Siskind's Motion to Dismiss, which was originally filed in state court, is not mooted by the court's order granting the plaintiffs' motion to amend/correct their complaint, the court directs Siskind to re-file his motion to dismiss to the extent he finds warranted under applicable law. Siskind will have fourteen (14) days from the entry of this order to re-file his motion. Siskind has not informed the court he is being represented by new counsel and thus the court assumes that Siskind is currently proceeding pro se.

5) The Amended Motion to Dismiss Shareholder Action filed by Horvath and Foss (doc. 14), the Amended Motion to Dismiss Answer, to Disqualify Litvak Beasley as Counsel for KALC, and/or to Dismiss RICO Claim filed by Horvath and Foss (doc. 15), and the Motion to Dismiss or Stay Third Party Claim and Compel Arbitration filed by CAC (doc. 18) are DENIED as moot.[3]

6) The clerk is directed to terminate Credit Acceptance Corporation, Mark Horvath, and Donald Foss as parties to this case.

7) The remaining parties (the plaintiffs, Siskind, and Defendant Anthony Ciano) will proceed according to a new scheduling order which will be entered separately.[4]

8) Chancellor shall file a status report in this court within thirty (30) days regarding the status of the bankruptcy proceedings, including an explanation of the impact of those proceedings if any on the litigation before this court.

ORDERED on this 20th day of May 2008.

s/ M. Casey Rodgers

**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

---

[3] Plaintiffs' Motion to Dismiss Answer and Disqualify Litvak Beasley and Wilson and/or Motion for Clarification (doc. 4) shall be stayed during KALC's bankruptcy proceeding.

[4] Because the plaintiffs' claims against KALC are stayed during KALC's bankruptcy proceeding, KALC is not required to participate in the Rule 26(f) conference.

Case No.: 3:07cv209/MCR/MD